IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kristy Hayman,   Case No. 3:16 CV 1998

          Plaintiff,   ORDER DENYING BENEFITS

     -vs-   JUDGE JACK ZOUHARY

Commissioner of Social Security,

          Defendant.

## INTRODUCTION

The Commissioner of Social Security denied Plaintiff Kristy Hayman's application for supplemental social security income (SSI). Hayman timely filed a Complaint seeking judicial review of that decision (Doc. 1). This proceeding is limited to review of the denial of benefits based on her mental impairments. This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge David Ruiz for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). Following briefing (Docs. 18, 20–21), the Magistrate Judge recommends this Court affirm the final decision of the Commissioner denying Hayman's claim for SSI (Doc. 22).

The matter is now before this Court on Hayman's Objection to the R&R (Doc. 23) and the Commissioner's Response (Doc. 24). This Court has reviewed *de novo* the Magistrate Judge's findings in accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C).

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background, which this Court adopts (Doc. 22 at 1–9). Briefly, Hayman was thirty-seven years old when she filed her SSI application (Tr. 39, 237). She has an eighth grade education and no past relevant work experience (Tr. at 39, 250). The Administrative Law Judge (ALJ) determined Hayman suffers from severe mental impairments of bipolar disorder, depression, anxiety, panic attacks, borderline intellectual functioning, and a history of cocaine use (Tr. at 23). However, the ALJ concluded Hayman's impairments did not meet or medically equal the severity of a listed impairment, and she remained able to perform sedentary, unskilled work subject to certain limitations (Tr. at 23, 28, 1003–04). Considering Hayman's age, education, work experience, and residual functional capacity (RFC), the ALJ found her capable of performing jobs existing in significant numbers in the national economy (Tr. at 39). Therefore, the ALJ denied her application for benefits.

## STANDARD OF REVIEW

Judicial review of a denial of SSI is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec*, 581 F.3d 399, 405 (6th Cir. 2009). This Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)).

The substantial-evidence standard presupposes "a zone of choice within which the decisionmaker can go either way, without interference by the courts." *Blakley*, 581 F.3d at 406 (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). "Substantial evidence is more than

a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (citations omitted). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, this Court cannot overturn the Commissioner's decision "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## DISCUSSION

Hayman objects to the R&R, contending (1) *Ealy v. Commissioner of Social Security*, 594 F.3d 504, 516–17 (6th Cir. 2010), requires the ALJ's Step 3 finding of moderate difficulties in concentration, persistence, or pace be translated into similar limitations in the RFC and hypothetical posed to the vocation expert (VE); and (2) even if *Ealy* is a limited, fact-based ruling, the ALJ erred in not accommodating any concentration, persistence, or pace limitations, and instead only including social limitations (Doc. 23). Thus, Hayman essentially challenges whether the RFC and Step 5 findings are supported by substantial evidence.

The Commissioner counters that the RFC and Step 5 findings are supported by substantial evidence because the record indicates Hayman's concentration difficulties do not preclude her from performing simple, unskilled work in a non-public work setting. Thus, Hayman's concentration difficulties were appropriately accommodated through social limitations (Doc. 24 at 2).

**Findings at Step 3 Are Not RFC Determinations**

As an initial matter, this Court agrees with the R&R that the RFC is a subsequent determination, separate and distinct from the ALJ's findings at Step 3. SSR 96–8p, 1996 WL 374184,

3

at *4 ("The adjudicator must remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment . . . ."). Here, at Step 3 the ALJ found Hayman has "moderate difficulties" in social functioning and in maintaining concentration, persistence, or pace (Tr. 24–25). Nonetheless, the RFC determination included only social limitations, limiting her to "only occasional interaction with co-workers and supervisors" and "no meaningful interaction with the general public" (Tr. 28).

The RFC is the most an individual can do despite her limitations. 20 C.F.R. § 416.945(a)(1). Because "[t]he RFC describes 'the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from,'" *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) (quoting *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002)), the ALJ's inquiry is necessarily broader than at Step 2 or 3 and must account for "all the relevant evidence in [the] case record." 20 C.F.R. § 416.945. This includes medical and non-medical evidence. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009). Although a claimant's severe impairment may affect her functional capacity to do work, "[o]ne does not necessarily establish the other." *Griffith*, 217 F. App'x at 429 (quoting *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, at *5 (E.D. Mich. 2004)).

Consistent with this understanding, this Court also agrees that *Ealy* does not require in every case that a Step 3 finding of moderate difficulties with concentration, persistence, or pace translate into specific limitations in the RFC and hypothetical. Instead, as discussed in the R&R (Doc. 22 at 17–22), the ALJ must assess a claimant's functional limitations after weighing the particular record before him. The Sixth Circuit has since recognized that "[c]ase law in this Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey

moderate limitations in concentration, persistence and pace." *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016). *See also Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 436–37 (6th Cir. 2014) (finding moderate limitations in concentration, persistence, or pace were sufficiently conveyed by limitations to "simple, routine, and repetitive tasks" because the claimant's doctor "did not place any concrete functional limitations" on her ability to maintain attention). A case-by-case standard makes sense as each claimant's impairments are unique and impact their ability to work in different ways.

Thus, the ALJ was not *required* to include corresponding or identical concentration limitations in the RFC to those he found at Step 3. *E.g.*, *Shinelever v. Berryhill*, 2017 WL 2937607, at *4 (E.D. Tenn. 2017); *Koster v. Colvin*, 2015 WL 413795, at *5 (N.D. Ohio 2015), *aff'd sub nom. Koster v. Comm'r of Soc. Sec.*, 643 F. App'x 466 (6th Cir. 2016); *Harrod v. Colvin*, 2015 WL 106102, at *15–16 (N.D. Ohio 2015).

As explained in the R&R, the appropriate inquiry is simply whether the ALJ's RFC and Step 5 findings are supported by substantial evidence. When determining a claimant's RFC and the corresponding hypothetical, the ALJ need only include those limitations found to be "credible" and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir.1993)). The RFC determination is expressly reserved for the Commissioner, not medical experts. 20 C.F.R. § 404.1546. However, "the ALJ must give some indication of the evidence upon which he is relying, and he may not ignore evidence that does not support his decision." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 881 (N.D. Ohio 2011). Although the ALJ retains a "zone of choice," he must explain why he did not include limitations assessed in contradicting medical opinions. *Schmiedebusch v. Comm'r of Soc. Sec.*, 536 F. App'x 637, 649 (6th Cir. 2013).

**The RFC and Step 5 Findings Are Supported By Substantial Evidence**

Contrary to Hayman's assertions, a fact-based analysis does not reveal the ALJ erred in calculating Hayman's RFC or the hypothetical. Instead, a review of the record shows this case is distinguishable from *Ealy,* and the RFC and Step 5 findings are supported by substantial evidence.

In *Ealy*, the Sixth Circuit found the ALJ's Step 5 finding was not supported by substantial evidence because the ALJ relied on VE testimony in response to a hypothetical that did not fairly reflect the assessed RFC. *Ealy*, 594 F.3d at 516–17. In determining the RFC, the ALJ relied on a medical opinion finding the claimant had specific deficits in concentration and pace: the claimant's ability to sustain attention when completing simple, repetitive tasks was limited to two-hour segments over an eight-hour day where speed was not critical. *Id.* at 516. Although the ALJ stated his assessment was "consistent with [this medical] opinion," the ALJ neglected to include this limitation in the hypothetical to the VE. *Id.* at 516–17, 516 n.4. Thus, the fatal flaw in *Ealy* was that the ALJ mischaraterized the medical opinion he relied on.

Here, Hayman does not point to any medical opinions assessing concrete functional limits on her ability to maintain concentration, persistence, or pace. Instead, Hayman points to professionals generally finding her ability is limited (Doc. 23 at 2–3). But unlike *Ealy*, and several other cases cited by Hayman, the ALJ in this case did not adopt or give controlling weight to these opinions. Instead, the ALJ gave the most weight to consulting psychologist Dr. Sudhir Dubey, who opined that Hayman does not have *any* concentration, persistence, or pace limitations.

### *Dr. Dubey*

When determining Hayman's RFC, the ALJ considered and weighed all the evidence before concluding "[t]he objective medical evidence fails to support any greater mental limitations" than

those assessed (Tr. at 38). Throughout his detailed assessment, the ALJ repeatedly cited Dr. Dubey's assessment. After personally evaluating Hayman, Dr. Dubey determined she retained the capacity to understand, remember, and carry out both simple and multi-step instructions independently, while "maintain[ing] persistence and pace" (Tr. at 876–77). Dr. Dubey opined that Hayman "appeared to be magnifying reported symptoms through poor effort during the [mental status evaluation]" (Tr. 875). The ALJ assigned Dr. Dubey's opinion "some weight," the most of any source, finding it to be generally consistent with the totality of the evidence (Tr. at 30).

While it is true some sources found concentration, persistence, or pace limitations, the ALJ assigned little to no weight to these opinions, finding them to be unreliable, incomplete, or inconsistent with the weight of the evidence. Hayman's objections do not challenge the weight the ALJ gave to the opinions. And as the R&R recognized, judicial review does not encompass "resolv[ing] conflicts in the evidence, or decid[ing] questions of credibility." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).

### *Dr. McIntire*

Consulting psychologist Dr. Don McIntire found Hayman had "very limited" ability to understand and follow basic instructions or to maintain concentration during simple, repetitive tasks (Tr. at 461–65). But the ALJ assigned "very little weight" to his opinion, finding it inconsistent with the weight of the evidence and "highly dependent" on Hayman's self-report of symptoms (Tr. 28–29). The ALJ found Hayman not fully credible as a reporter (Tr. at 29, 33, 36, 38–39). "[N]otwithstanding her allegations of concentration and memory deficits," the record is "replete with documentation that her memory, mentation, attention, orientation and cognition were normal and intact" (Tr. at 38) (citing Dr. Dubey's assessment and several other medical records). The ALJ also found Hayman's

7

allegations inconsistent with her "seemingly normal life," as she reported performing tasks "replicat[ing] those [capabilities] necessary for obtaining and maintaining employment" (Tr. at 38).

In addition, Hayman was using cocaine at the time of Dr. McIntire's evaluation (Tr. 29). The ALJ reasonably concluded this might explain her limited ability to maintain attention and concentration (Tr. 29). Due to concern that Hayman's only psychological evaluation was from a period of significant substance abuse, the ALJ continued Hayman's disability hearing to obtain an additional consultative examination (Tr. 103–06). Dr. Dubey performed that examination and found Hayman did not display or report any trouble concentrating (Tr. at 874–77).

### *Social Worker Kelly McCauley*

As required, the ALJ also considered social worker Kelly McCauley's opinion. He acknowledged McCauley believed it was not advisable for Hayman "to engage in the realm of the working world at the present" due to social and concentration difficulties (Tr. at 31). But the ALJ correctly observed McCauley's opinion is not an "acceptable medical source" and therefore was not entitled to any special deference (Tr. at 31) (citing 20 C.F.R. § 416.902). Based on context, it is clear the ALJ did not find her opinion entitled to significant weight. *See Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 838 n.9 (6th Cir. 2016) ("[E]ven a licensed clinical social worker is 'not an "acceptable medical source,"' and this designation may 'justify' giving an opinion of an acceptable medical source greater weight.") (quoting SSR 06–03p, 2006 WL 2329939, at *2, *5).

### *State Agency Medical Consultants*

And the ALJ considered the state agency medical consultants's assessments, including psychologists Dr. Vicki Warren and Dr. Karen Terry. Both psychologists found Hayman had some concentration and social limitations, although less than those assessed by Dr. McIntire (Tr. at 117–20,

134–37). The ALJ gave the state consultants' assessments "slight weight" because they did not consider up-to-date medical records (Tr. at 31). The ALJ stated more recent records "justifie[d] a conclusion that the claimant's impairments are more limiting than was concluded by the [s]tate [a]gency consultants" (Tr at 31).

Hayman argues the RFC determination is inconsistent with the ALJ's own findings because, despite this statement, he did not include the concentration or persistence limitations found by Dr. Warren and Dr. Terry. But a review of the cited documents establishes the ALJ was referring to Hayman's *physical* impairments (Tr at 31). In any case, the ALJ was not required to adopt all the limitations suggested by the state agency consultants, especially in the face of Dr. Dubey's conflicting, and more recent, examining opinion. *See Smith v. Comm'r of Soc. Sec.*, 2013 WL 1150133, at *11 (N.D. Ohio 2013) ("Simply put, there is no legal requirement for an ALJ to explain each limitation or restriction he adopts or, conversely, does not adopt from a non-examining physician's opinion . . . .").

In sum, although the ALJ found Hayman has moderate difficulties in concentration, persistence, or pace at Step 3, after a more detailed assessment of the record, he found any such difficulties were accommodated by unskilled work in a non-public setting. Although the record could arguably support a different RFC determination, that is not a basis for reversal if the evidence also supports the ALJ's determination. *Jones*, 336 F.3d at 477. This Court finds the ALJ's mental RFC determination is supported by substantial evidence and within his permissible "zone of choice."

Finally, the ALJ's Step 5 determination was also supported by substantial evidence as it relied on VE testimony in response to a hypothetical that accurately encompassed all the limitations the ALJ found credible. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

**CONCLUSION**

Hayman's Objection (Doc. 23) is overruled, and this Court adopts the R&R (Doc. 22). The claim for benefits is denied.

IT IS SO ORDERED.

                                          s/ *Jack Zouhary*
                                          JACK ZOUHARY
                                          U. S. DISTRICT JUDGE

                                          January 30, 2018